**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

VICTOR PIRES,

Plaintiff,

v.

AT&T INC.,

Defendant.

Case No.: 9:24-cv-80744

Removed from the County Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, Case No. 502024CC005798XXXAMB

**AT&T Inc.'s Notice of Removal**

Defendant AT&T Inc. removes this action currently pending in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the District Court of the United States, Southern District of Florida, West Palm Beach Division, on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

**Nature of Removed Action**

1) On March 30, 2024, AT&T announced that AT&T-specific data fields were contained in a data set released online approximately two weeks before. AT&T shared its determination with regulators and the public, took precautionary measures, and began notifying customers. As of June 12, 2024, at least 60 related putative class actions have been filed against AT&T in 2 state courts and 12 federal district courts in 8 states in connection with the incident. The putative class plaintiffs in each action purport to represent all individuals whose information was allegedly impacted by the incident, and allege AT&T failed to safeguard personal

information in violation of common law, contracts, and consumer protection statutes.

2) On April 2, 2024, one of the plaintiffs moved the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate pending federal court actions in multidistrict litigation ("MDL") in the Northern District of Texas. *See In re AT&T Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 1 (Apr. 2, 2024). On June 5, 2024, the JPML issued a Transfer Order consolidating actions relating to the data incident on the grounds that centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary. The JPML assigned the consolidated proceeding to Judge Ada E. Brown in the Northern District of Texas and broadly noted that "any other related actions" are potential tag-along actions pursuant to the JPML Rules. *See In re AT&T Inc. Customer Data Security Breach Litigation*, JPML No. 3114, ECF No. 139 (June 5, 2024).

3) Plaintiff Victor Pires commenced this action against AT&T in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 502024CC005798XXXAMB (the "Circuit Court Action"), bringing claims for negligence and breach of fiduciary duty that are virtually indistinguishable from those already filed across the country against AT&T and consolidated for coordinated proceedings in the Northern District of Texas. A true and accurate copy of the Complaint in the Circuit Court Action is attached hereto as **Exhibit A**.

4) In fact, there are several previously-filed federal cases transferred to the MDL of which Mr. Pires is a putative class member. This includes cases seeking to represent "Nationwide" classes of those impacted by the incident. *See e.g.*, *Petroski v. AT&T Inc.*, Case No. 3:24-cv-00757 (N.D. Tex.) (alleging a putative class of "[a]ll individuals residing in the United States whose PII was accessed and/or acquired by an unauthorized party as a result of the data breach at Defendant in or about March 2024"); *Kinchen v. AT&T Inc.*, Case No. 3:24-cv-02451 (N.D. Cal.) (similar).

5) Mr. Pires seeks damages for, among other things, monetary losses, lost time, anxiety and emotional distress, and diminution of value of his personal information. *See* Ex. A, Compl. ¶¶ 53, 88. Mr. Pires also seeks an award of attorneys' fees, *see id.*, and his Civil Cover Sheet, attached hereto as **Exhibit B**, also indicates an intent to seek declaratory and injunctive relief. *See* Ex. B, Civil Cover Sheet, at 3.

**Timeliness of Removal**

6) AT&T was served with the Summons and Complaint on May 15, 2024. Attached hereto, and incorporated herein as **Exhibit C**, is a true and correct copy of the state court docket and all process, pleadings, and orders served on AT&T in the Circuit Court Action.

7) AT&T filed this Notice within 30 days of service of the Complaint and removal is, therefore, timely. *See* 28 U.S.C. § 1446(b); *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

## Jurisdiction and Venue

8) This Court is in the judicial district and division embracing the place where the state court case was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. § 1441(a).

9) To establish diversity jurisdiction, there must be diversity of citizenship between the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b). Here, this Court has jurisdiction because (1) there is complete diversity of citizenship between Mr. Pires and AT&T; and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs.

## Citizenship of the Parties

10) Mr. Pires alleges he is a citizen of the state of Florida residing in Palm Beach County. Ex. A, Compl. ¶ 5. For purposes of diversity jurisdiction, an individual is deemed a citizen of the state where he or she is domiciled. Here, Mr. Pires is a citizen of Florida. *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002).

11) AT&T is a corporation organized under the laws of Delaware with its principal place of business in Texas. *See* Ex. A, Compl. ¶ 6. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, AT&T is a citizen of Delaware and Texas.

12) Accordingly, there is complete diversity between Mr. Pires (Florida) on the one hand, and AT&T (Delaware and Texas) on the other.

**Amount in Controversy**

13) An action may be removed if the defendant establishes, consistent with the pleading requirements of Civil Rule 8, that the aggregate amount in controversy, exclusive of fees and costs, exceeds $75,000. 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). When a defendant seeks to remove an action to federal court on grounds of diversity jurisdiction, "the defendant's amount-in-controversy allegation should be accepted [as true] when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87. This standard is appropriate even when the complaint fails to allege, or seeks, a specific amount of damages. *See NextPlat Corp. v. Seifert*, 2023 WL 4972827, at *3–4 (S.D. Fla. June 14, 2023) (citing *Dart Cherokee* and explaining that a "removing defendant satisfies [the amount-in-controversy] requirement by claiming a sufficient sum in good faith" despite plaintiff's complaint not pleading more than $75,000 at issue).

14) Here, Mr. Pires proposes to limit his damages to more than $8,000, "but does not exceed the sum or value of $15,000.00, exclusive of interest, costs, and attorney's fees." Ex. A, Compl. ¶ 1. But at the same time, he claims entitlement to damages "in an amount to be proven at trial," which demonstrates that he does not intend to limit his request for relief to the amount stated in his complaint, *id.* ¶¶ 83, 87. Indeed, the allegations in his complaint conclusively establish that he seeks

damages in an amount exceeding $75,000. *See, e.g.*, *Schwartzben v. Nat'l Fire & Marine Ins. Co.*, 2022 WL 4102799, at *4 (S.D. Fla. Sept. 8, 2022) (looking beyond the plaintiff's allegations of a specific amount and considering other requested relief in concluding the amount in controversy was satisfied).

15) Actual damages: Mr. Pires alleges that, as a result of AT&T's conduct, he has suffered various forms of damages, including "diminution in value of their PII"; "out-of-pocket costs"; "[l]ost opportunity costs and lost wages" occasioned by AT&T's alleged conduct; "[u]nauthorized use of stolen PII"; and [t]he continued risk to their PII." Ex. A, Compl. ¶ 53. Mr. Pires further alleges that "[s]tolen PII is one of the most valuable commodities on the criminal information black market," and can be valued at $1,000. *Id.* ¶ 54. Indeed, in other data privacy mattes, economic damage demands have exceeded $8,000. *See, e.g.*, *Aguirre v. Cap. One Bank USA N.A.*, 2023 WL 4046836, at *4 (C.D. Cal. June 15, 2023).

16) Mr. Pires also claims entitlement to the "actuarial present value of ongoing high-quality identity defense and credit monitoring services made necessary as mitigation measures because of Defendant's data breach." Ex. A, Compl. ¶¶ 83, 87. According to Mr. Pires, such mitigation measures—and consequently, any mitigation measures—will last the rest of his life as "the Breach involves PII that cannot be changed." *Id.* ¶ 39. Indeed, he claims that credit monitoring services offered by AT&T are inadequate for exactly this reason: Mr. Pires alleges that it "would not adequately address the lifelong harm that victims will face following the Data Breach." *Id.*

17) In data incident cases involving similar allegations, courts routinely hold that the costs of providing credit monitoring and identity theft protection services are properly included in the amount in controversy. *See, e.g.*, *Porras v. Sprouts Farmers Mkt., LLC*, 2016 WL 4051265, at *3 (C.D. Cal. July 25, 2016) (denying motion to remand on the grounds that years of credit monitoring for thousands of class members was included in the amount in controversy and therefore exceeded the $5 million threshold); *McLoughlin v. People's United Bank, Inc.*, 586 F. Supp. 2d 70, 73 (D. Conn. 2008) (same); *Fielder v. Penn Station, Inc.*, 2013 WL 1869618, at *2–3 (N.D. Ohio May 3, 2013) (same); *Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 276–78 (S.D.N.Y. 2008) (holding that the amount-in-controversy "could readily exceed" the jurisdictional minimum where plaintiffs sought credit monitoring for "an indeterminate period").

18) In addition to these damages, Mr. Pires seeks various forms of relief that demonstrate that his complaint seeks in excess of $75,000.

19) <u>Attorneys' fees</u>. Mr. Pires requests his attorneys' fees incurred litigating this case. *See* Ex. A, Compl. ¶ 88(4). Attorneys' fees may be included in calculating the amount in controversy. *See Rae v. Perry*, 392 Fed. App'x 753, 756 (11th Cir. 2010) (considering compensatory, punitive damages, and attorneys' fees to determine the jurisdictional requirement).

20) Here, Mr. Pires's attorneys' fees for litigating this case will almost certainly exceed $75,000 if litigated through a jury verdict. In fact, Mr. Pires's counsel, Mr. Jibrael S. Hindi and Ms. Jennifer G. Simil, recently submitted fee

statements arising from a discovery dispute they are litigating in the Sixth Judicial District, Florida. *See Rivers v. Trueaccord, Corp.*, Case No. 22-003547-Cl (Fla. Dist. Ct. Mar. 7, 2024), attached to this Notice as **Exs. D** and **E**. Mr. Hindi's hourly rate is $700 per hour, Ex. D, and Ms. Simil's hourly rate is $450 per hour, Ex. E. Using a blended rate of $575 per hour, Mr. Pires's attorneys would have to bill just 131 hours total to this matter to exceed the $75,000 jurisdictional amount. Considering that Mr. Hindi and Ms. Simil incurred $16,175 in fees for addressing the *Rivers* discovery dispute, *see id.*, it is a certainty that the complaint seeks attorneys' fees in excess of $75,000.

21) Anxiety and emotional distress. Mr. Pires also seeks to recover damages for anxiety and emotional distress. Ex. A, Compl. ¶ 53. Emotional distress damages may be considered in assessing whether the amount in controversy requirement is met. *See, e.g.*, *Scopelliti v. McClean*, 2022 WL 3209495, at *3 (M.D. Fla. July 11, 2022), *aff'd,* 2023 WL 1071626 (M.D. Fla. Jan. 27, 2023).

22) To establish the amount of emotional distress damages in controversy, "a defendant may satisfy its burden by submitting evidence of damages from decisions in comparable cases." *Schmidt v. Pantry, Inc.*, 2012 WL 1313490, at *3 (N.D. Fla. March 6, 2012). In *Drew v. Equifax Info. Servs., LLC*, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010), the Northern District of California upheld a jury award of $315,000 in emotional distress damages arising out of plaintiff's claim that he was the victim of identity theft. *Id.* at *2–3. Likewise, in *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495 (4th Cir. 2007), the Fourth Circuit affirmed an "emotional

distress award" to the plaintiff in the amount of $150,000. *Id.* at 507; *see also Aguirre*, 2023 WL 4046836, at *3–4 (in lawsuit arising from a 2019 data breach, holding that similar allegations of emotional harm as here supported "an estimate that emotional distress damages could exceed $75,000" and estimate that was "reasonable based on emotional distress damages" in other cases).

23) In sum, Mr. Pires' complaint demonstrates that he is seeking in excess of the statutory minimum of $75,000.[1]

**Jurisdiction Pursuant to Pending Class Actions**

24) Finally, because the JPML has consolidated related matters into an MDL, Goldsberry's suit is subsumed into cases subject to consolidation. *See, e.g.*, *In re Kitec Plumbing Sys. Prods. Liab. Litig.*, 2010 WL 11618052, at *6 (N.D. Tex. Aug. 23, 2010) (courts may look past the manner in which plaintiffs limit their putative classes where plaintiffs "are already properly before [the MDL] Court"); see also *Simon v. Marriott Int'l, Inc.*, 2019 WL 4573415, at *4 (D. Md. Sept. 20, 2019) (similar); *Sanders v. Kia Am. Inc.*, 2023 WL 3974966, at *4–5 (C.D. Cal. June 13, 2023) (similar).

[1] By removing this action to this Court, AT&T does not concede that it has any liability, let alone liability greater than the jurisdictional minimum. *See, e.g., Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) ("[The defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."); *see also Moda v. Priceline.com, Inc.*, 2006 WL 3327871, at *1 (9th Cir. 2006) (same). Instead, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).

25) For example, the lead case before the JPML, *Petroski v. AT&T Inc.*, Case No. 3:24-cv-00757 (N.D. Tex.), alleges a putative class of "[a]ll individuals residing in the United States whose PII was accessed and/or acquired by an unauthorized party as a result of the data breach at Defendant in or about March 2024." *Id.*, ECF No. 1, ¶ 140. The allegations in this case—and multiple others with the same or similar class definition and underlying allegations—are now consolidated in an MDL before Judge Ada Brown of the Northern District of Texas. Consequently, Mr. Pires and his allegations are already subsumed within earlier filed federal cases pending in the MDL.

26) It is also worth noting that, on the same date that Mr. Pires' Complaint was filed, Mr. Pires' counsel filed two other identical complaints against AT&T on behalf of two other named plaintiffs in Florida state court. *See Goldsberry v. AT&T Inc.*, Case No. 502024CC005790XXXAMB (Palm Beach County); *Barnett v. AT&T Inc.*, Case No. COCE-24-024569 (Broward County). The only purpose of these identical, carefully structured complaints is to deprive the federal MDL court of jurisdiction over claims that have already vested there and completely subsume the claims here.

**Notice**

As required by 28 U.S.C. § 1446(d), AT&T is providing written notice of the filing of this Notice of Removal to Mr. Pires and is filing a copy of this Notice of Removal with the Clerk of the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, Florida.

Dated: June 14, 2024

Respectfully submitted,

By: *s/Yameel L. Mercado Robles*

Yameel L. Mercado
Robles (1003897)
Baker & Hostetler LLP
200 South Orange Ave., Suite 2300
Orlando, FL 32801-3432
Telephone: 407.649.4000
Facsimile: 407.841.0168
ymercadorobles@bakerlaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2024, a true and correct copy of the foregoing document was served via email and U.S. mail upon the following:

JIBRAEL S. HINDI, ESQ.
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
JENNIFER G. SIMIL, ESQ.
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
ZANE C. HEDAYA, ESQ.
Florida Bar No.: 1048640
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301

*Counsel for Plaintiff*

*/s/Yameel L. Mercado Robles*
*Counsel for AT&T Inc.*